# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| **STEVES & SONS, INC.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| VS. | )   Civil Action No.  SA-06-CV-357-XR |
| | ) |
| **TRINITY GLASS INTERNATIONAL,** | ) |
| **INC. D/B/A SIGNAMARK** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

On this date, the Court considered Defendant's Rule 9(b) motion to dismiss for failure to plead the fraud claim with particularity; Plaintiff's motion to dismiss Defendant's "suit on sworn account" counterclaim for failure to comply with Rule 185 of the Texas Rules of Civil Procedure, and alternatively motion for more definite statement; and Plaintiff's response to Defendant's motion to dismiss, and alternatively motion for leave to amend.

For the reasons discussed below, Plaintiff's motion for leave to amend is GRANTED (Docket No. 34).  Plaintiff is ORDERED to file its First Amended Original Complaint on or before **May 30, 2007**. Defendant's Rule 9(b) motion to dismiss is DISMISSED AS MOOT (Docket No. 28) because Plaintiff's First Amended Original Complaint pleads the fraud claim with particularity. Plaintiff's motion to dismiss Defendant's counterclaim, or alternatively motion for more definite statement is DENIED (Docket No. 33) because Rule 185 of the Texas Rules of Civil Procedure does not govern this diversity action, and Defendant's breach of contract counterclaim otherwise satisfies the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  If Plaintiff

needs additional discovery concerning Defendant's breach of contract counterclaim, the Court is willing to entertain a motion to amend the deadlines contained in the Court's Scheduling Order.

## I. Factual & Procedural Background

Defendant Trinity Glass International ("Trinity") manufactures doors and Plaintiff Steves & Sons ("Steves") sells them. Plaintiff maintains that, beginning in 2002, it entered into an agreement to purchase doors from Trinity for resale. Plaintiff alleges that it purchased in excess of $2 million worth of doors from Trinity from 2002 through 2006. Plaintiff alleges that part of the purchase agreement included a rebate provision whereby Trinity allegedly agreed to pay Plaintiff a one percent (1%) rebate on all purchases. Trinity allegedly failed to comply with this agreement.

Plaintiff filed suit in Bexar County District Court on March 31, 2006. Plaintiff asserted claims for fraud, breach of contract, and violations of the Texas DTPA. Defendant answered the state court action with a general denial on April 25, 2006, and then it removed the case to this Court on April 26, 2006.

On April 19, 2007, the Court granted Defendant's motion for leave to file a counterclaim against Plaintiff for unpaid accounts receivable. Defendant alleges that Plaintiff took delivery of doors worth $70,210.95 without paying Trinity. Defendant filed its counterclaim for breach of contract on April 24, 2007.

On April 27, 2007, Defendant filed a Rule 9(b) motion to dismiss for failure to plead the fraud claim with particularity (Docket No. 28). Defendant argues that Plaintiff is aware of the heightened pleading requirements of Rule 9(b) but has never pled specific facts with respect to its fraud claim. Defendant argues that Plaintiff's generic allegations of fraud are insufficient, and Plaintiff must allege the "who, what, when, where, and how of the alleged fraud." In response,

Plaintiff argues that Defendant has waived its right to challenge the fraud claim under Rule 9(b) because such defensive matters must be presented to the Court prior to or concurrently with the filing of the responsive pleading. Plaintiff argues that no special exceptions were filed in state court prior to removal and no pre-answer Rule 12(b) motions were ever filed. In the alternative, Plaintiff argues that this Court should allow Plaintiff to amend its Complaint to plead the fraud claim with particularity.

On May 11, 2007, Plaintiff filed a motion to dismiss Defendant's "suit on sworn account" counterclaim for failure to comply with Rule 185 of the Texas Rules of Civil Procedure, and alternatively motion for more definite statement. In response, Defendant argues that a suit on a sworn account pursuant to Rule 185 of the Texas Rules of Civil Procedure is not a substantive claim. Defendant argues that it has asserted a valid breach of contract counterclaim against Plaintiff. After observing that federal courts apply state substantive law and federal procedural law in diversity actions, Defendant argues that Rule 185 does not apply in diversity cases, and this Court cannot dismiss its breach of contract counterclaim for failure to comply with Texas procedural rules. In response to Plaintiff's motion for more definite statement, Defendant argues that its breach of contract counterclaim satisfies the notice pleading requirements of Rule 8(a).

## II. Legal Analysis

A.     **Plaintiff's motion for leave to amend is GRANTED, and Defendant's motion to dismiss Plaintiff's fraud claim pursuant to Rule 9(b) of the Federal Rules of Civil Procedure is DISMISSED AS MOOT.**

Although Plaintiff argues that Defendant has waived its Rule 9(b) objection by failing to assert it prior to or concurrently with the filing of its responsive pleading, the Court declines to address the waiver issue because Plaintiff has moved to file its First Amended Original Complaint

to cure the Rule 9(b) deficiency. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend the pleadings "shall be freely given when justice so requires." However, the Fifth Circuit has explicitly held that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The good cause requirement for a modification of a scheduling deadline requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535. Only when the movant demonstrates good cause to modify a scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.

The Court's Scheduling Order stated that amended pleadings must be filed by February 16, 2007. The Court finds that good cause exists for Plaintiff to file its First Amended Complaint because Defendant did not file its Rule 9(b) motion to dismiss until after the deadline for filing amended pleadings had expired. Plaintiff did not demonstrate a lack of diligence in requesting leave to amend because Defendant did not bring its Rule 9(b) objection to Plaintiff's attention until after the relevant deadline expired. Consequently, Plaintiff's motion for leave to file an amended complaint is GRANTED (Docket No. 34). Plaintiff is ORDERED to file its First Amended Original Complaint on or before **May 30, 2007**.

Rule 9(b) of the Federal Rules of Civil Procedure states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud of mistake shall be stated with particularity." Thus, "allegations of fraud must meet a higher, or more strict, standard than the basic notice pleading

required by Rule 8." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993). This standard "stems from the obvious concerns that general, unsubstantiated charges of fraud can do damage to a defendant's reputation." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). A dismissal for failure to state fraud with particularity, as required by Rule 9(b), is "a dismissal on the pleadings for failure to state a claim." *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004). To satisfy Rule 9(b)'s pleading requirements, the plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* at 362 (citing *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir.1997), *cert. denied*, 522 U.S. 966 (1997)). The Complaint must allege the "who, what, when, where, and how of the alleged fraud." *United States ex. rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). The Fifth Circuit has held that a district court should not dismiss a claim pursuant to Rule 9(b) "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

The Court has granted Plaintiff's motion for leave to file its First Amended Original Complaint. Defendant's Rule 9(b) motion to dismiss is DISMISSED AS MOOT (Docket No. 28) because Plaintiff's First Amended Original Complaint pleads the fraud claim with particularity. Plaintiff's First Amended Original Complaint contains an eleven paragraph, detailed description of the fraud claim. The Court finds that Plaintiff's First Amended Original Complaint adequately alleges the "who, what, when, where, and how of the alleged fraud."

**B.      Plaintiff's motion to dismiss Defendant's "suit on sworn account" counterclaim for failure to comply with Rule 185 of the Texas Rules of Civil Procedure, and alternatively motion for more definite statement is DENIED.**

Plaintiff alleges that Defendant's "suit on sworn account" counterclaim fails to comply with Rule 185 of the Texas Rules of Civil Procedure. In particular, Plaintiff alleges that Defendant's counterclaim must contain a systematic, itemized statement of the goods or services sold, reveal the offsets made to the account, and be supported by an affidavit stating the claim is within the affiant's knowledge, and that it is "just and true." *Powers v. Adams*, 2 S.W.3d 496, 498 (Tex. App.–Houston [14th Dist.] 1999, no writ). Plaintiff alleges that Defendant's counterclaim does not plead the necessary elements of a "suit on sworn account."

The Texas Supreme Court has characterized Rule 185 as a procedural rule, with regard to evidence necessary to establish a prima facie right of recovery, and not a rule of substantive law. *Sneed Shipbuilding, Inc. v. Spanier Marine Corp.*, 125 F.R.D. 438, 443-44 (E.D. Tex. 1989) (citing *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860, 862 (Tex.1979)). Federal courts apply state substantive law in diversity jurisdiction cases, but apply federal procedural law. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003). The Court concurs with its sister Court's conclusion that "the procedural requirements of [R]ule 185 are not binding on federal courts." *Steelplan, Ltd. v. Steel Plan Australia Pty. Ltd.*, No. 3:02-CV-0470-P, 2003 WL 21499303, *9 (N.D. Tex. June 25, 2003). Consequently, Plaintiff's motion to dismiss for failure to comply with Rule 185 of the Texas Rules of Civil Procedure is DENIED. The Court concludes that Defendant's breach of contract counterclaim satisfies the notice pleading requirements of Rule 8(a) and is not so vague or ambiguous that Plaintiff cannot reasonably be required to frame a responsive pleading. *See* FED. R. CIV. P. 12(e). Plaintiff's motion for more definite statement is DENIED. If Plaintiff needs

additional discovery concerning Defendant's breach of contract counterclaim, the Court is willing to entertain a motion to amend the deadlines contained in the Court's Scheduling Order.

### III. Conclusion

Plaintiff's motion for leave to amend is GRANTED (Docket No. 34). Plaintiff is ORDERED to file its First Amended Original Complaint on or before **May 30, 2007**. Defendant's Rule 9(b) motion to dismiss is DISMISSED AS MOOT (Docket No. 28) because Plaintiff's First Amended Original Complaint pleads the fraud claim with particularity. Plaintiff's motion to dismiss Defendant's counterclaim, or alternatively motion for more definite statement is DENIED (Docket No. 33) because Rule 185 of the Texas Rules of Civil Procedure does not govern this diversity action, and Defendant's breach of contract counterclaim otherwise satisfies the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. If Plaintiff needs additional discovery concerning Defendant's breach of contract counterclaim, the Court is willing to entertain a motion to amend the deadlines contained in the Court's Scheduling Order.

It is so ORDERED.

SIGNED this 25th day of May, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE